


## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WADE MORSE, | 3:11-cv-00158-RCJ-VPC |
| Plaintiff, | |
| vs. | ORDER |
| GREGORY SMITH, *et al.*, | |
| Defendants. | |

This is an action initiated by Robert Wade Morse, a Nevada state prisoner, who has submitted a petition for writ of habeas corpus without paying the filing fee or submitting an application to proceed *in forma pauperis*. (ECF No. 1). Additionally, petitioner notes that his petition is "Successive." The petition shall be dismissed without prejudice as discussed below.

A petitioner seeking relief from this Court on allegations that his state court conviction or sentence violate federal law, must first pay the required $5 filing fee or obtain leave of the Court to proceed in *forma pauperis*. 28 U.S.C. § 1915. Petitioner has failed to meet this requirement and such is a valid basis to dismiss the petition without prejudice. However, a more significant basis for dismissal is the fact that the petition is, on its face, in violation of 28 U.S.C. §2244(b), in that it is a second or successive petition and petitioner has not obtained leave of the Court of Appeals to proceed.

Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless petitioner can present an Order of the Ninth Circuit Court of Appeals granting leave to proceed.

A court of appeals enters such an order only upon a showing that:

(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

Petitioner acknowledges that he has not obtained leave of the court to proceed. *See* Petition, p. 2, item 6. Thus, the petition must be dismissed and petitioner must submit an application to the Ninth Circuit Court of Appeals before proceeding with this petition in this Court.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

Dated this 25th day of March, 2011.

R. James
UNITED STATES DISTRICT JUDGE